USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
:
FELIPE ACEVEDO, :
:
Plaintiff, :
:
-v- :      1:24-cv-558-GHW
:
CITY OF NEW YORK, *et al.*, :
:      ORDER
Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

Plaintiff, who currently is incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this action, *pro se* under the Fourteenth Amendment and seeks money damages. He sues the City of New York and NYC Health + Hospitals ("H+H"),[1] alleging that Defendants denied him adequate medical attention at Harlem Hospital when they discharged him prematurely into police custody. Because Plaintiff asserts material facts in both the original complaint and the amended complaint, the Court treats both pleadings as the operative pleading. By order dated June 11, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth in this order, the Court dismisses the action but grants Plaintiff 30 days' leave to replead.

## II.   STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack*

---

[1] Plaintiff names the New York City Health and Hospital's Corporation ("HHC"), H+H's former name. In the conclusion section of this order, the Court directs the Clerk of Court to substitute H+H for HHC.
[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough actual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

III.    BACKGROUND

Plaintiff Felipe Acevedo, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this action against the City of New York and H+H alleging that Defendants denied him adequate medical attention at Harlem Hospital when they discharged him prematurely into police custody.

The following facts are drawn from the complaint and amended complaint.  On August 5,

2023, and/or August 6, 2023, Plaintiff was treated for gunshot wounds at Harlem Hospital. Plaintiff was "seen and treated by a doctor [with] [a] CT scan, and X-ray." ECF 1 at 4 (cleaned up). Plaintiff claims that the only medical treatment he received was "pain medication, wound was bandaged and wrapped and clean." *Id.* at 5. Plaintiff also claims he was then discharged from the hospital into the custody of the New York City Police Department where he was moved from cell to cell, exacerbating his injuries.

Plaintiff alleges that, as a result of not being admitted for surgery for the gunshot wound, he has "permanent damage, severe pain, mental anguish, disfigurement [and] nerve damage." *Id.* He seeks money damages.

## IV.     DISCUSSION

Because Plaintiff sues H+H and the City of New York, his claims are municipal liability claims analyzed under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). As noted above, Plaintiff asserts claims under the Fourteenth Amendment. The Court therefore construes the complaint as seeking relief under 42 U.S.C. § 1983.

To state a Section 1983 claim against a municipality, a plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Specifically, the plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

Plaintiff does not state facts suggesting that H+H or the City of New York adopted a policy

3

regarding the discharge of hospital patients into police custody. The allegations suggest only that Harlem Hospital did not perform surgery on the Plaintiff. He does not allege that any medical staff rendered this decision pursuant to an H+H policy, custom, or practice. The allegations also do not suggest that the City of New York caused a violation of Plaintiff's constitutional rights. Rather, it appears he names the City as a Defendant because he believes it is the proper defendant in a claim arising at Harlem Hospital, a H+H facility.

Plaintiff also does not allege that an employee of H+H or the City of New York showed deliberate indifference to his serious injury by allegedly failing to treat his gunshot wound or by discharging him prematurely into police custody. To state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment, Plaintiff must state facts suggesting that the defendant acted intentionally to "impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). Here, Plaintiff does not allege that the medical staff at Harlem Hospital knew of, or should have known of, an excessive risk to Plaintiff's health, and then disregarded that risk.

Plaintiff provides no facts that the Court can construe as stating a claim against the City of New York or H+H. The facts alleged only indicate that Plaintiff believes that medical personnel at Harlem Hospital prematurely discharged him into police custody. As this allegation does not suggest that either Defendant adopted a policy, custom, or practice that caused the violation of Plaintiff's constitutional rights, the Court dismisses the claims asserted against H+H and the City of New York for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

V.     **LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defect, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's pro se status, the Court grants Plaintiff 30 days' leave to file a second amended complaint to allege facts in support of his claims against the City of New York, H+H, and/or any individual defendant who was involved personally in violating his constitutional rights.

Plaintiff should provide all information in the second amended complaint that he wants the Court to consider in deciding whether the amended pleading states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint. Any amended complaint must be

filed within 30 days of the date of this order.

## VI. CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above.  Plaintiff must submit the second amended complaint to this Court's Pro Se Intake within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-0558 (GHW).  A Second Amended Complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered, mail a copy of this order to Plaintiff, and substitute NYC Health + Hospitals for New York City Health and Hospital's Corporation in the caption of this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks a review of a nonfrivolous issue).

SO ORDERED.

Dated: July 8, 2024

_____
GREGORY H. WOODS
United States District Judge