|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/1/2024 |

FELIPE ACEVEDO,

                        Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                        Defendants.

1:24-cv-558-GHW

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

    Plaintiff, currently incarcerated at Metropolitan Detention Center, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments when Defendants provided inadequate care to Plaintiff between August 6, 2023 and August 7, 2023. Plaintiff sues: (1) the City of New York; (2) the New York City Police Department (the "N.Y.P.D.") 25th Precinct, including an unspecified number of John Doe Defendants, unidentified N.Y.P.D. officers; and (3) Harlem Hospital and members of its medical staff, including Sebastian Rueda Valdivieso, MD; Cameron Wilkinson, MD; Katherine Bruce, DO; Samantha Revello, MD; Rajesh Dhillon, MD; and Sukhman Kaur, MD. By order dated February 14, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. Dkt. No. 5.

    For the reasons set forth below, the Court: (1) dismisses the claims against the 25th Precinct; (2) directs service on the City of New York; Sebastian Rueda Valdivieso, MD; Cameron Wilkinson, MD; Katherine Bruce, DO; Samantha Revello, MD; Rajesh Dhillon, MD; and Sukhman Kaur, MD; and (3) directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities, shield numbers, and service addresses of any N.Y.P.D. officers involved with events alleged in Plaintiff's amended complaint.

## BACKGROUND

The following facts are drawn from the amended complaint. Dkt. No. 7. On August 5 or 6, 2023, Plaintiff was treated at Harlem Hospital for gunshot wounds. He alleges that the hospital and medical staff discharged him with broken bones after not being admitted to surgery. *Id.* at 4–5. As a result, Plaintiff alleges that he has suffered "permanent damage, severe pain, mental anguish, disfigurement, [and] nerve damage." *Id.* at 5. After being discharged, Plaintiff was arrested by N.Y.P.D. officers and experienced "intense pain" when he was "being moved from cell to cell." *Id.* at 4.

## DISCUSSION

### A. Dismissing Claims Against the 25th Precinct of the N.Y.P.D.

Plaintiff's claims against the 25th Precinct must be dismissed because a precinct is not an entity that has the capacity to be sued. *See Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."). To the extent the Court were to construe the claims against the precinct as brought against the N.Y.P.D., such claims must also be dismissed because the N.Y.P.D. cannot be sued, pursuant to the New York City Charter. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The Court therefore dismisses the claims against the 25th Precinct because it is a nonsuable entity and construes any claims against the 25th Precinct as having been brought against the City of New York.

**B. Service on the Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the City of New York; Sebastian Rueda Valdivieso, MD; Cameron Wilkinson, MD; Katherine Bruce, DO; Samantha Revello, MD; Rajesh Dhillon, MD; and Sukhman Kaur, MD through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C. The Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. 121 F.3d

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the N.Y.P.D. 25th Precinct to provide the identities, shield numbers, and service addresses of the unidentified "John Doe" defendants; those defendants include the individual officers of the 25th Precinct who arrested Plaintiff after he was discharged from Harlem Hospital and who moved Plaintiff between cells despite his pain and injuries. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the N.Y.P.D., ascertain the identities, shield numbers, and service addresses of those unidentified defendants. The Corporation Counsel must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information from Corporation Counsel, Plaintiff must file a second amended complaint naming those newly identified individuals as defendants and providing their service addresses. The second amended complaint will replace, not supplement, the original complaint and the amended complaint. A second complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

For the reasons discussed above, the Court: (1) dismisses Plaintiff's claims against the "(N.Y.P.D.) 25th Precinct"; (2) directs service on Defendants the City of New York; Sebastian Rueda Valdivieso, MD; Cameron Wilkinson, MD; Katherine Bruce, DO; Samantha Revello, MD; Rajesh Dhillon, MD; and Sukhman Kaur, MD, and (3) directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with the identities, shield numbers, and services addresses of any N.Y.P.D. officers involved with events alleged in Plaintiff's complaint—arresting Plaintiff after being discharged from Harlem Hospital and moving him from cell to cell during his recovery.

The Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to: (1) issue summonses for the City of New York; Harlem Hospital; Sebastian Rueda Valdivieso, MD; Cameron Wilkinson, MD; Katherine Bruce, DO; Samantha Revello, MD; Rajesh Dhillon, MD; and Sukhman Kaur, MD; (2) complete USM-285 forms with the service addresses for those defendants; and (3) deliver all documents necessary to effect service of summonses and the amended complaint, Dkt. No. 7, on those defendants to the USMS. The Court further directs the Clerk of Court to mail a copy of this order and a copy of the amended complaint, Dkt. No. 7, to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

SO ORDERED.

Dated:   October 1, 2024
         New York, New York

                                                    _____
                                                            GREGORY H. WOODS
                                                          United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007

2. Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

3. Sebastian Rueda Valdivieso, MD
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

4. Cameron Wilkinson, MD
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

5. Katherine Bruce, DO
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

6. Samantha Revello, MD
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

7. Rajesh Dhillon, MD
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037

8. Sukhman Kaur, MD
   c/o Harlem Hospital
   506 Lenox Ave
   New York, NY 10037