USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :
FELIPE ACEVEDO,                              :
                                                          :
                                     Plaintiff,      :                  1:24-cv-558-GHW
                                                          :
                   -v-                              :                  <u>ORDER</u>
                                                          :
CITY OF NEW YORK, *et al.*,          :
                                                          :
                                 Defendants.  :
                                                          :
-------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

      By letter dated January 20, 2025, Plaintiff Felipe Acevedo moved for an extension of time to file an amended complaint. Dkt. No. 35. In this letter, Plaintiff asked whether "the Court could help me get some type of help with having a lawyer that can help me with things I need help with or things that I need to get done." *Id.* The Court must, at this time, deny Plaintiff's request for the appointment of counsel.

      The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v.*

*A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits factor is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Plaintiff's IFP application was granted, Dkt. No. 5; Plaintiff therefore qualifies as indigent. However, because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's request for the appointment of counsel without prejudice, meaning that Plaintiff may file a request for the Court to seek pro bono counsel at a later date. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: February 5, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge