USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                      :

FELIPE ACEVEDO,                   :

                               :

                      Plaintiff,    :                 1:24-cv-558-GHW

                               :

            -v-                   :               <u>ORDER</u>

                               :

CITY OF NEW YORK, *et al.*,       :

                               :

                  Defendants.  :

                               :
-------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

On August 4, 2025, New York City Police Department ("NYPD") Officers Edwin Howell and Griselly Rosario (the "Officer Defendants") moved to dismiss Plaintiff's third amended complaint. Dkt. No. 86. That motion was fully submitted upon the filing of the Officer Defendants' reply on December 3, 2025. On October 23, 2025, the Court granted Plaintiff's request for an extension to file an amended complaint to correct deficiencies identified in its prior order granting in part the motion to dismiss of New York Health + Hospitals, Dr. Samantha Revello, and Dr. Katherine Bruce. Dkt. No. 112. Plaintiff filed an amended complaint, which was entered on the docket on December 4, 2025. Dkt. No. 119 ("FAC"). For the reasons that follow, the Court accepts the complaint as Plaintiff's fourth amended complaint, orders all properly served to answer or otherwise respond to the complaint, and denies as moot the motion to dismiss filed by the Officer Defendants.

Plaintiff's complaint was timely filed as to Defendants Valdivieso, Wilkinson, Bruce, Revello, Dhillon, and Kaur (the "Provider Defendants"). "Under the 'prison mailbox rule,' a submission from an incarcerated pro se litigant is generally deemed to have been filed when it is given to prison officials." *Smith v. City of New York*, No. 12 CIV. 8131 JGK, 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) (citing *Noble v. Kelly*, 246 F,3d 93, 97 (2d Cir. 2001)). The Court's prior order set a deadline

of November 22, 2025 for Plaintiff to amend his complaint.  Dkt. No. 112.  Mr. Acevedo has

certified that he placed the fourth amended complaint in the prison mail system on November 21,

2025.  Dkt. No. 120 at 6.  The Court will therefore deem his complaint to have been timely filed and

orders all properly served Defendants to answer or otherwise respond no later than January 5, 2026.

The Court allows Mr. Acevedo's amendment of his claims against the Officer Defendants

and denies their pending motion to dismiss as moot.  The Court's order allowing amendment did

not grant Mr. Acevedo leave to amend his claims against the Officer Defendants.  *See* Dkt. No. 102

at 30.  The Court therefore construes Mr. Acevedo's amendment as to the Officer Defendants as a

request to amend his complaint.  Under the Federal Rules of Civil Procedure, a party may amend a

pleading once as a matter of right within 21 days of serving it or, "if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service

of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A), (B).  After

that point, absent written consent from the opposing party, a party must obtain leave to amend from

the district court.  Fed. R. Civ. P. 15(a)(2).  Ordinarily, courts "should freely give leave when justice

so requires."  *Id.*  Nevertheless, a court may deny a motion to amend for reasons such as "undue

delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the

opposing party."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir.

2010) (citation omitted).

There is no reason for the Court to depart from the ordinary rule.  Plaintiff filed his

amended complaint before briefing on the motion to dismiss had concluded, and there is no

indication that he has filed in bad faith.  "District courts generally should grant a self-represented

plaintiff an opportunity to amend a complaint to cure its defect, unless amendment would be futile."

Dkt. No. 102 at 27 (citing *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) and *Salahuddin v.

Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  And at this stage of the case, the Court cannot find that this

amendment is futile or that amendment would result in great prejudice to the Officer Defendants. "'Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . .'" *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). "Repeated failure to cure deficiencies by amendments previously allowed" warrants denial of leave to amend. *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998). This is the first time Plaintiff has had an opportunity to amend with any notice of possible deficiencies as to his claims against the Officer Defendants. *See Han v. Fin. Supervisory Serv.*, No. 1:23-CV-5451-MKV, 2025 WL 588078, at *1–2 (S.D.N.Y. Feb. 24, 2025) (granting pro se plaintiff leave to amend following filing of motion to dismiss and noting that "[b]y reason of Defendant's motion to dismiss, Plaintiff is on notice of the alleged deficiencies in her pleading.").

For similar reasons, any prejudice to the Officer Defendants is minimal. The Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). "[G]ranting leave to amend is consistent with the liberal standard of [Rule] 15 . . . and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Patterson v. Morgan Stanley*, No. 16-cv-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (Sullivan, J.) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Therefore, even assuming the Court resolves the Officer Defendants' motion in their favor, the Officer Defendants may still be obliged to respond to an amended complaint. Accordingly, the Court grants Mr. Acevedo leave to amend.

Having granted Plaintiff leave to amend, the Court denies the pending motion as moot. "[W]hen a plaintiff properly amends [his] complaint after a defendant has filed a motion to dismiss

3

that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020).  "In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amendments."  *Han*, 2025 WL 588078, at *1.  Plaintiff's fourth amended complaint includes factual allegations relating to the conduct of the Officer Defendants to which those defendants have not yet had the opportunity to respond.  *See, e.g.*, FAC ¶¶ 21–22 (alleging that Mr. Acevedo requested medical care in the presence of Officers Howell and Rosario); *id.* ¶ 21(b) ("Plaintiff repeatedly stated that he was in 'insufferable pain' and begged for true medical attention").  These allegations bear on the arguments raised by the Officer Defendants in their motion papers.  *See, e.g.*, Dkt. No. 88 at 9 ("Plaintiff fails to plead that he requested further medical attention or directly informed the officers that he *desired* medical attention"); Dkt. No. 117 at 7 ("As explained in defendants' moving brief, the TAC is devoid of allegations that defendants were aware of any alleged serious medical need . . . .").  Accordingly, the Court denies the Officer Defendants' motion to dismiss as moot.  *See Han*, 2025 WL 588078, at *2 (denying motion to dismiss as moot after filing of amended complaint).

The Court will not consider Plaintiff's brief alongside the fourth amended complaint in connection with any future motion.  Dkt. No. 120.  The Court understands Mr. Acevedo to be seeking judgment on his pleadings.  Such a motion may only be filed "[a]fter the pleadings are closed . . . ."  Fed. R. Civ. P. 12(c).  The Court will also not consider any additional amended complaint from Plaintiff filed without leave of Court.

For the foregoing reasons, the Officer Defendants' motion to dismiss, Dkt. No. 86, is DENIED AS MOOT.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The deadline for all Defendants who have been properly served to answer or otherwise respond to the complaint is January 5, 2026.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 86 and to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated:  December 9, 2025
        New York, New York

_____
GREGORY H. WOODS
United States District Judge